## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In Re: Dividend Solar Finance, LLC, and Fifth Third Bank Sales and Lending Practices Litigation

This Document Relates to: ALL ACTIONS

MDL No. 24-3128 (KMM/DTS)

**MDL ORDER No. 3:
Regarding Appointment of Lead Counsel, Liaison Counsel, and Plaintiffs' Steering Committee**

This matter is before the Court on (1) The Majority Plaintiffs' Motion to Appoint Interim Co-Lead Counsel/Class Counsel, Liaison Counsel, and Plaintiffs' Steering Committee ("the Majority Motion") (Doc. 50); and (2) the Motion to Appoint Bruce H. Nagel Esq. of Nagel Rice, LLP as One of the Tri-Lead Counsel Pursuant to Federal Rule of Civil Procedure 23(g) ("the Nagel Motion") (Doc. 49).[1] Having considered the motions and the arguments of the parties, as well as the relevant factors for consideration in appointing lead and liaison counsel and interim class counsel under Rule 23(g), the Court largely GRANTS the Majority Motion and largely DENIES the Nagel Motion.

In the Nagel Motion, Mr. Nagel and the Nagel Rice firm do not disagree with the overall proposed leadership structure recommended by the Majority Motion. However, Mr. Nagel and the Nagel Rice firm ask the Court to modify the Majority Proposal by removing Amy Judkins from the tri-lead counsel team and replacing her with Mr. Nagel. With due respect to Mr. Nagel's and the Nagel Rice firm's many years of relevant experience and distinguished service, the Court declines to make the requested change. Like Mr. Nagel, all three of the Majority Motion's

---

[1] The Court notes that Mr. Nagel requested that the motions concerning appointment of counsel be heard by oral argument. However, having carefully reviewed all the related filings, the Court concludes that a hearing is not necessary on these motions and denies that request.

proposed co-lead counsel have extensive experience in complex and class action litigation. And the Court finds that Ms. Judkins, Mr. Sloss, and Ms. Kelly have particularly relevant experience litigating allegedly predatory solar lending practices. Further, the Majority Motion's proposed co-lead counsel have devoted more significant efforts to date in pre-suit investigation and identification of claims. And perhaps most importantly, the proposed co-lead counsel have worked hard to foster cooperation and coordination among all of Plaintiffs' counsel. *See In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-md-2795 (MJD/KMM), 2019 WL 1773194, at *4 (D. Minn. Apr. 23, 2019) ("At oral argument, Bragar demonstrated a commitment to work cooperatively with all counsel and to communicate effectively with the entire Plaintiffs' counsel team."); *see also In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 370 (E.D. Pa. 2022) (stressing the importance of cooperation among plaintiffs). Through their leadership in the early stages of this MDL, the proposed-co-lead counsel have demonstrated the willingness and aptitude for the roles they seek. Finally, the Court finds that the Nagel Rice firm's involvement in the overall coordination of Plaintiffs' efforts and communication among their counsel in these proceedings has been less significant than the contributions of the Majority Motion's proposed co-lead counsel. Having reached this conclusion, however, the Court advises Mr. Nagel that if he wishes to be included as a member of Plaintiffs' Steering Committee, the Court will amend this Order to so appoint him. His expertise would be welcome.

The Court further finds that the Liaison Counsel and Steering Committee proposed by the Majority Motion and not opposed by Mr. Nagel also meet the needs of this litigation, satisfy the considerations of Rule 23(g), and will hel with the efficient management of this litigation.

Accordingly, the Court hereby ORDERS as follows:

### A. Interim Co-Lead and Class Counsel

The Court appoints Kristi Kelly of Kelly Guzzo, PLC, Ian Sloss of Silver Golub & Teitell LLP, and Amy Judkins of Newsome Melton, P.A. as Interim Co-Lead Counsel and Class Counsel for the putative classes in this litigation. Interim Co-Lead Counsel shall be generally responsible for protecting the interests of the classes during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. *See generally* Manual for Complex Litigation (Fourth) § 21.11, at 246 (2004).

Specifically, Interim Co-Lead Counsel shall:

1. Perform all responsibilities designated by the Court;

2. Determine (after consultation with Interim Co-Lead Counsel and the Plaintiffs' Steering Committee and other co-counsel when needed) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of their parties on all matters arising during pretrial proceedings;

3. Coordinate the initiation and conduct of discovery on behalf of their group consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

4. Conduct settlement negotiations;

5. Delegate specific tasks to other counsel or committees of counsel, as authorized by the Court, in a manner to ensure that pretrial preparation for their group is conducted efficiently and effectively;

6. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

7. Prepare and distribute periodic status reports to the parties;

8. Maintain adequate time and disbursement records covering services as Interim Co-Lead Counsel;

9. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

10. Perform such other duties as may be incidental to proper coordination of their group's pretrial activities or authorized by further order of the court; and

11. Appoint additional committees, as necessary, including but not limited to expert, trial, and settlement committees.

No work shall be undertaken by any counsel for a nongovernmental plaintiff ("Private Plaintiff") without the express advance authorization of Interim Co-Lead Counsel. Likewise, no pleadings, motions, discovery or other pretrial proceedings shall be initiated or filed by any Private Plaintiff's counsel except through Interim Co-Lead Counsel or upon their express, advance authorization.

**B. Liaison Counsel**

The Court appoints E. Michelle Drake of Berger Montague as Liaison Counsel and Class Counsel in this litigation. Ms. Drake and her firm shall perform the following responsibilities as Liaison Counsel:

1. Have responsibilities coincident with those of the members of the Plaintiffs' Steering Committee;

2. Fulfill the local, on-the-ground responsibilities for communications between the Court and other counsel;

3. Coordinate the filing of papers on behalf of Plaintiffs; and

4. Attend conferences and hearings.

**C.    Plaintiffs' Steering Committee**

The Court appoints the following members to the Plaintiffs' Steering Committee ("PSC"): Leonard A. Bennett of Consumer Litigation Associates, P.C. (chair); Bryant Dunivan of The Consumer Protection Attorney, P.A.; Jarrett Faber of Kneupper & Covey P.C.; Jeffrey Gentes of the Connecticut Fair Housing Center; and Kas Gallucci of the Law Offices of Ron Marron. In addition, should he so desire, the Court will appoint Bruce Nagel of Nagel Rice, LLP to the Committee.

The PSC shall work in tandem with Interim Co-lead Counsel in the orderly and efficient prosecution of the consolidated action and carry out such duties and responsibilities as are appropriate for the successful prosecution of this action. The PSC shall from time to time consult with Plaintiffs' Interim Co-Lead Counsel in coordinating the Plaintiffs' pre-trial activities and planning for trial. This shall include, but is not limited to, formulating overall case strategy, developing a litigation plan, coordinating Plaintiffs' pretrial activities, fulfilling the obligations set forth in this Order, and otherwise planning for trial. The PSC Chair will monitor the work performed by the PSC and will report to Interim Co-Lead Counsel. The Court may amend or expand the PSC upon request from the PSC, Interim Co-Lead Counsel, or on the Court's own motion, if and as circumstances warrant.

### D. Duration of Leadership Service

This appointment does not have a fixed end-date. However, upon motion from any party, any Plaintiff's counsel, or at the Court's discretion, this Order is subject to modification. Should the Court determine that this leadership structure is unworkable or is no longer satisfiying the considerations of Rule 23(g), it may seek briefing, hold a hearing, or take other appropriate actions.

**IT IS SO ORDERED**.

Date: December 11, 2024				*s/Katherine Menendez*
						Katherine Menendez
						United States District Judge