# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Dividend Solar Finance, LLC, and Fifth Third Bank Sales and Lending Practices Litigation | MDL No. 24-3128 (KMM/DTS) |
| This Document Relates to: *Barras et al. v. Fifth Third Bank NA et al*, No. 25-cv-84 (KMM/DTS) | **ORDER ON PENDING MOTIONS** |

In June 2023, Plaintiffs Kirk and Dody Barras filed a lawsuit in the 16th Judicial District, Parish of St. Martin, in Louisiana, against Defendants Dividend Solar Finance LLC,[1] Infenergy LLC, and Infenergy's as yet unidentified insurer. In their state court Petition for Damages, the Barrases asserted several state law misrepresentation and negligence claims concerning the sale, installation, and subsequent maintenance of a solar panel system on their residential home. The Barrases amended their state court petition adding Infenergy's insurer, Defendant Ironshore Insurance Services LLC, and another party that was involved in the sale of the solar panel system, Defendant Glyde Solar LLC.

When they first amended their complaint in October 2023, the Barrases still asserted only state law claims against all Defendants. But more than a year later, the state court again granted the Barrases leave to amend, and this time, the Barrases added claims under the Truth in Lending Act against Dividend Solar Finance LLC. In response, on December 13, 2024, Dividend removed the case to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1441(a) (removal of claims within district courts' original jurisdiction)

---

[1] Dividend solar Finance LLC was acquired by Fifth Third Bank, N.A., in August 2023. For ease of reference, the Court refers to this Defendant as Dividend throughout this Order.

and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims). On January 8, 2025, the *Barras* case was consolidated with this MDL proceeding.

Since the *Barras* case was added to the MDL, the parties have filed three motions that are currently pending before the Court. In chronological order of filing, these motions are:

1. Plaintiffs' Motion to Sever State Law Claims and for Remand Back to District Court in the State of Louisiana (ECF No. 26 in Case No. 25-cv-84; ECF No. 100 in MDL No. 24-3128);

2. Defendant Infenergy LLC's Motion to Compel Arbitration (ECF No. 35 in Case No. 25-cv-84; ECF No. 111 in MDL No. 24-3128); and

3. Plaintiffs' Motion for Voluntary Dismissal of Their Claim Under 15 U.S.C. § 1601, et seq. (Truth in Lending Act) (ECF No. 41 in Case No. 25-cv-84; ECF No. 112 in MDL No. 24-3128).

On January 22, 2025, Plaintiffs filed their motion to sever and remand arguing that the Court should (1) sever the TILA claim asserted against Dividend from the state law claims against all Defendants pursuant to Federal Rule of Civil Procedure 21; and (2) remand all the state law claims to Louisiana state court pursuant to the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 605 U.S. 22 (2025). Dividend, Infenergy, and Glyde Solar opposed this motion in writing. On January 31, 2025, while Plaintiffs' severance and remand motion was pending, Infenergy filed its motion to compel arbitration based on a clause in its contract with the Barrases. The Barrases filed their opposition to the motion to compel arbitration on February 12, 2025. But first, Plaintiffs filed the motion to voluntarily dismiss with prejudice their TILA claim against Dividend. Dividend then filed a notice stating that it does not oppose Plaintiffs' request to dismiss the TILA claim with prejudice.

Having reviewed the parties' motions and supporting briefing, the Court grants Plaintiffs' unopposed request for dismissal of their TILA claim against Dividend; finds Plaintiffs' request

2

for severance is moot; concludes that the remaining state law claims should be remanded to Louisiana state court; and denies Infenergy's motion to compel arbitration without prejudice to any refiling and without reaching the merits of the request. Accordingly, the videoconference hearing on these motions currently set for 10:00 AM on April 1, 2025 before the undersigned District Judge is canceled.

First, the Court considers the Plaintiffs' motion for voluntary dismissal of its TILA claim against Dividend because the relief sought alters the scope of this litigation and affects the basis for subject-matter jurisdiction. Except in circumstances, not present here, where a plaintiff voluntarily dismisses an action upon a self-executing notice pursuant to Fed. R. Civ. P. 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A motion to dismiss an action under Rule 41(a)(2) falls to the sound discretion of the district court." *Corning Inc. v. Wilson Wolf Mfg. Corp.*, 639 F. Supp. 3d 877, 882 (D. Minn. 2022) (citing *Herring v. City of Whitehall*, 804 F.2d 464, 466 (8th Cir. 1986)). Upon a plaintiff's request to dismiss under Rule 41(a)(2), courts consider the rule's primary purpose of "prevent[ing] voluntary dismissals which unfairly affect the other side." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 793 F. Supp. 205, 206 (D. Minn. 1992). Courts generally grant voluntary dismissals that are *with prejudice* because such dismissals completely adjudicate claims and bar further litigation. 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2364 (4th ed., June 2024 Update) (collecting cases); 9 *Fed. Prac. & Proc.* § 2367 & n.3 (4th ed., Nov. 2024 Update). Here, Dividend does not oppose Plaintiffs' request for dismissal with prejudice of their TILA claim, and the Court finds such a dismissal appropriate under the circumstances. And the dismissal of the TILA claim renders moot

Plaintiffs' earlier-filed request for severance of that claim from their state law claims. ECF No. 42 at 3, Case No. 25-cv-84.

Without the TILA claim, there are no federal claims remaining in this suit. "Federal courts . . . are courts of limited jurisdiction." *Royal Canin*, 604 U.S. at 26. In *Royal Canin*, the Supreme Court recently held that following removal of a case based on federal-question jurisdiction, "[i]f . . . the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves," and the remaining suit with only state-law claims must be remanded to state court. *Id.* at 30. Here, of course, the Barrases did not make a post-removal amendment of their complaint to remove the federal-law claims, but instead used voluntary dismissal. The Court sees no difference between the two procedural mechanisms, as both land in the same place. Therefore, remand of this matter is required by *Royal Canin*.

Even if *Royal Canin* did not mandate remand, this Court nevertheless finds that remand is appropriate for an alternative reason: "district courts may decline to exercise supplemental jurisdiction over a [remaining state-law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Ordinarily, when all federal claims are dismissed prior to trial, considerations of judicial economy, convenience, fairness, and comity "will point toward declining to exercise jurisdiction over remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005). Those factors support remand here.

Finally, because the Court finds that remand is appropriate, the Court concludes that Infenergy's motion to compel arbitration should be addressed by the state court following remand, if necessary. Accordingly, the Court denies Infenergy's arbitration motion without

prejudice; because the Court is not addressing the merits of that request, this Order does not foreclose Infenergy from raising the issue with the state court after this matter is remanded.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1. The hearing in this matter set for April 1, 2025 at 10:00 AM before the undersigned District Judge is **CANCELED**.

2. Plaintiffs' Motion for Voluntary Dismissal of Their Claim Under 15 U.S.C. § 1601, et seq. (Truth in Lending Act) (ECF No. 41 in Case No. 25-cv-84; ECF No. 112 in MDL No. 24-3128) is **GRANTED**. Plaintiffs' Truth in Lending Act claim against Defendant Fifth Third Bank N.A., formerly known as Dividend Solar Finance LLC is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2).

3. Plaintiffs' Motion to Sever State Law Claims and for Remand Back to District Court in the State of Louisiana (ECF No. 26 in Case No. 25-cv-84; ECF No. 100 in MDL No. 24-3128) is **DENIED** as moot.

4. This matter is **REMANDED** to the 16th Judicial District, Parish of St. Martin, in the State of Louisiana.

5. Defendant Infenergy LLC's Motion to Compel Arbitration (ECF No. 35 in Case No. 25-cv-84; ECF No. 111 in MDL No. 24-3128) is **DENIED WITHOUT PREJUDICE**.

Date: March 5, 2025                    *s/Katherine Menendez*
                                       Katherine Menendez
                                       United States District Judge