## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Dividend Solar Finance, LLC, and Fifth Third Bank Sales and Lending Practices Litigation | MDL No. 24-3128 (KMM/DTS) |
| This Document Relates to: *Jean-Baptiste v. Dividend Finance Inc., et al.*, No. 25-cv-1604 (KMM/DTS) | **ORDER ON MOTION TO REMAND** |

This matter is before the Court on Plaintiff Myrenne Jean-Baptiste's motion to remand. [Case No. 25-cv-1604 (KMM/DTS), ECF 19; MDL No. 24-md-3128 (KMM/DTS), ECF 169.[1]] Ms. Jean-Baptiste argues that Defendant Fifth Third Bank ("Fifth Third") was not entitled to remove this action from the Circuit Court of the Fifteenth Judicial Circuit of Palm Beach County, Florida, to federal court because there is no subject-matter jurisdiction. Fifth Third opposes the motion, arguing that it was entitled to remove the action under the Class Action Fairness Act ("CAFA") as a result of Ms. Jean-Baptiste's request for broad injunctive relief in her Second Amended Complaint. For the reasons that follow, the motion to remand is granted, but Ms. Jean-Baptiste's request for costs and attorney's fees is denied.

### BACKGROUND

Ms. Jean-Baptiste filed her original complaint on September 5, 2024 in Florida state court, naming Dividend Finance Inc. as the defendant. [Compl., ECF 1-1.] She asserted only state-law claims arising out of her purchase of a solar-energy-panel system for use at her residence, which she financed through a loan from Dividend. Her claims included (1) breach of contract; (2) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat.

---

[1] Unless otherwise indicated, the Court will cite to the record in the *Jean-Baptiste* member case (No. 25-cv-1604) rather than the main MDL docket (No. 24-md-3128).

§ 501.201; (3) breach of the duty of good faith and fair dealing; and (4) negligence/gross negligence – construction defects. Four days later, Ms. Jean-Baptiste filed an amended complaint asserting the same four claims under Florida law. [Am. Compl., ECF 1-2.] Defendant moved to dismiss the amended complaint for failure to comply with Florida Rule of Civil Procedure 1.130(a), which requires plaintiffs to incorporate into a pleading or attach to a complaint any contracts and other documents forming the basis of claims or defenses. [ECF 1-6 at 24–25.] The state court Circuit Judge granted the motion to dismiss on February 11, 2025 and gave Ms. Jean-Baptiste 30 days to file her Second Amended Complaint. [ECF 1-3.]

Plaintiff filed the Second Amended Complaint in state court on March 12, 2025. [Second Am. Compl., ECF 1-4.] In it she named Dividend, a division of Fifth Third Bank, N.A., as a defendant along with Affordable Solar Roof & Air, LLC ("ASRA"), which had installed the solar-panel system on her home. [*Id.*] Ms. Jean-Baptiste again asserted only state law claims, including (1) two breach of contract claims as to Dividend; (2) violations of the FDUTPA by both ASRA and Dividend; (3) breach of the covenant of good faith and fair dealing by both ASRA and Dividend; (4) negligence/gross negligence – construction defects against both ASRA and Dividend; (5) unjust enrichment as to Dividend; and (6) rescission as to both defendants. [*Id.*]

Most relevant to the issue now before this Court, Ms. Jean-Baptiste also added a claim for broad injunctive relief. In support of this claim, she alleged that Dividend is a lender for solar panel contractors that finances solar panel projects, many of which involve the allegedly unscrupulous business practices described elsewhere in her pleadings. [*Id.* ¶ 126.] She asserts that Dividend was engaged in a sophisticated scheme "to reap illegal profits until it inevitably files bankruptcy or dissolves . . . under the weight of its own fraud." [*Id.* ¶ 127.] And Dividend is alleged to continue to enforce its rights under the loan agreements it enters with consumers despite the malfunctioning

of installed panels and the improper conduct of installers. [*Id.* ¶ 130.] Because of Dividend's conduct, "Plaintiff seeks relief in the form of an injunction, to prevent ongoing and future harm caused by Dividend's continued unethical, immoral, and potentially unlawful collection of payments for breached, and often illegal contracts statewide." [*Id.* ¶ 132.] Ms. Jean-Baptiste alleges that she is entitled to preliminary injunctive relief based on Dividend's continued efforts to collect in violation of the Florida Consumer Collection Practices Act ("FCCPA"). [*Id.* ¶ 135.] In her Prayer for Relief, she "respectfully moves this Court for a preliminary and permanent injunction enjoining Dividend from continuing to collect or enforce illegal, terminated, rescinded, legally disputed, and/or breached agreements here in Florida." [*Id.*, Prayer for Relief.] However, the Second Amended Complaint does not include any allegation that the claims are brought on behalf of any party other than Ms. Jean-Baptiste, nor does she explicitly assert that she seeks to represent a class of Florida citizens, or any other class of persons allegedly affected by Fifth Third's conduct.

Because of the broad scope of the injunctive relief sought in Ms. Jean-Baptiste's Second Amended Complaint, Fifth Third removed the case to the United States District Court for the Southern District of Florida, asserting that the Court had jurisdiction under CAFA, 28 U.S.C. § 1332(d). [Notice of Removal ¶ 19, ECF 1.] Despite the fact that Ms. Jean-Baptiste did not style her Second Amended Complaint as a class action or attempt to bring suit as a representative of any proposed class, Fifth Third's Notice of Removal asserts that the injunctive relief sought in the pleading would, if granted, "result in a complete cessation of Dividend's business operations in the State of Florida" because it would "not only prevent Dividend from taking action to collect and enforce the loan in this individual case, but would have the far more reaching impact of preventing Dividend from soliciting new customers, collecting on existing loans, and blocking

Dividend's ability to enforce its contractual rights and obligations existing in loan agreements throughout the State of Florida." [*Id.* ¶¶ 23–24.] Thus, Fifth Third says that the pleading "results in a putative class consisting of all of Dividend borrowers in the entire State of Florida," satisfying both CAFA's requirements that there be in excess of 100 Florida residents in the putative class and that the amount in controversy exceeds $5 million. [*Id.* ¶¶ 26, 30–33.] In addition, because Fifth Third is a citizen of Ohio and Ms. Jean-Baptiste is a citizen of Florida, it alleged that CAFA's minimal diversity requirement was met.[2] [*Id.* ¶¶ 27–29.]

After removing the case to federal court, Fifth Third notified the United States Judicial Panel on Multidistrict Litigation ("JPML") that this case was a tag-along action related to the MDL coordinated in this Court for pretrial proceedings. [ECF 5; *see also* MDL No. 24-md-3128, ECF 153.] On April 23, 2025, the JPML transferred Ms. Jean-Baptiste's case to this Court. Ms. Jean-Baptiste filed a motion to vacate the conditional transfer order on April 25th, but she eventually withdrew that motion after conferring with counsel for Fifth Third.[3] On May 16, 2025, Ms. Jean-

---

[2] According to the Second Amended Complaint, ASRA was a Florida limited liability company, but because Ms. Jean-Baptiste was not seeking to invoke federal diversity jurisdiction, there are no allegations concerning the citizenship of any of ASRA's members. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1221 (11th Cir. 2017) ("The citizenship of an LLC is the citizenship of each member."); *Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 634–35 (8th Cir. 2022) (same). When Fifth Third removed the action to the United States District Court for the Southern District of Florida, it did not assert that ASRA was a citizen of any state other than Florida. Because Ms. Jean-Baptiste is a citizen of Florida (*see* Notice of Removal ¶ 28, ECF 1), without asserting that ASRA is a citizen of a different state from Plaintiff, complete diversity of citizenship would not exist, and Fifth Third was not able to remove the case based on diversity jurisdiction under 28 U.S.C. § 1332(a). *Epstein v. Gilead Scis., Inc.*, 441 F. Supp. 3d 1277, 1280 (S.D. Fla. 2020) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.") (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)); *Cleek*, 47 F.4th at 634 (same).

[3] The Court's Text Order addressing Plaintiff's withdrawal of the motion to vacate specified that her motion for leave to file a reply in support of that motion had been withdrawn, but it neglected to note that Plaintiff also withdrew the motion to vacate as well. [ECF 18; MDL No. 24-md-3128, ECF 166.] For the sake of clarity, the motion to vacate no longer remains pending and has been superseded by Plaintiff's motion to remand.

Baptiste filed the motion to remand now pending before the Court. Fifth Third filed its opposition to the motion on May 23rd, and Ms. Jean-Baptiste filed a reply. The Court has taken the matter under advisement without a hearing.

## DISCUSSION

### I.    Legal Standard

The party removing a case from state court to federal court has the burden to show that there is federal subject matter jurisdiction under CAFA. *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 583 (8th Cir. 2017); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). A plaintiff can bring a motion to remand a case removed to federal court on the ground that subject-matter jurisdiction is lacking, and "[i]f at any time before final judgment it appears that the district court lacks . . . jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* 28 U.S.C. § 1453(c)(1) (explaining that section 1447, which provides the procedure for remanding a case to state court, applies to removal of a class action).

CAFA provides federal district courts with original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action" where minimal diversity requirements are satisfied, including that "any member of a class of plaintiff is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2). A "class action" under FACA is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representatives as a class action." 28 U.S.C. § 1332(d)(1)(B).

District courts also have original jurisdiction over certain "mass action[s]," 28 U.S.C. § 1332(d)(11), that meet the following requirements: "(1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a

numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Pretka*, 608 F.3d at 751 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1202–03 (11th Cir. 2007)); *Dammann*, 856 F.3d at 583 (same).

## II.    Analysis

As noted, the parties dispute whether Fifth Third properly removed this case to federal court pursuant to CAFA.[4] Having reviewed the state court pleadings, the Notice of Removal, and the arguments both in support of and in opposition to Plaintiff's motion to remand, the Court finds that it lacks subject-matter jurisdiction. In short, this is not a "class action"[5] within the meaning of CAFA, and the authority Fifth Third relies upon to argue otherwise is not persuasive.

Ms. Jean-Baptiste argues that this case should be remanded because CAFA only allows removal of a "class action" or a "mass action," and this case is neither. Instead, she says, this is an individual action in which she seeks to vindicate her own rights through exclusively state law claims. Contrary to Fifth Third's claim that the Court has jurisdiction based on her request for injunctive relief, Ms. Jean-Baptiste says that she seeks relief that is available in Florida state court through litigation over her individual claims and the request does not transform her case into one

---

[4] Although Fifth Third's Notice of Removal also asserted that the Court had subject-matter jurisdiction over this case because Ms. Jean-Baptiste's request for injunctive relief was preempted by the National Bank Act, it has expressly abandoned that argument in response to the motion to remand. [Def.'s Opp'n 2 n.1, ECF 22.]

[5] Nor is this a "mass action" in which Ms. Jean-Baptiste proposes to try together the claims of 100 or more plaintiffs based on common questions of fact or law. Ms. Jean-Baptiste is seeking to try only her own claims, not the claims of multiple plaintiffs tied together through a single mass trial or the use of other mechanisms common to class actions. *Cf. Atwell v. Boston Sci. Corp.*, 740 F.3d 1160, 1164–66 (8th Cir. 2013) (finding that three separate groups of products-liability cases were removable as a single "mass action" when the plaintiffs' attorneys' discussion of the relief requested at a hearing on motions for consolidation made clear that they intended to have the disputes tried jointly through the use of bellwether cases).

removable under CAFA. Fifth Third disagrees, arguing that the injunctive relief Ms. Jean-Baptiste

seeks is what controls. According to Fifth Third, if the Court were to award her the injunctive relief

she seeks, the effect would carry far beyond the claims she asserts on her own behalf and would

necessarily implicate Fifth Third's ability to enforce its agreements with other Florida residents.[6]

Fifth Third argues that Ms. Jean-Baptiste cannot avoid removal by disguising her substantive

request for class-wide relief on behalf of similarly situated persons who are not parties to this suit

as an action involving only her individual claims.

The Court finds that Plaintiff has the better argument here. CAFA specifically defines the

term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure

or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or

more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). A "class action" also

includes the type of "mass action," which is "any civil action . . . in which monetary relief claims

of 100 or more persons are proposed to be tried jointly" given common questions of law and fact.

28 U.S.C. § 1332(d)(11)(B)(i). On its face, this case meets none of those requirements. Ms. Jean-

Baptiste's pleading does not invoke Fed. R. Civ. P. 23 or any comparable State statute or rule that

permits her to act in a representative capacity for absent class members. Nor does her complaint

---

[6] Fifth Third's Notice of Removal asserts that the injunctive relief Plaintiff requests would cause it to cease all lending activities in the State of Florida, an assertion that Ms. Jean-Baptiste disputes. [*Compare* Notice of Removal ¶ 23 ("Plaintiff's Second Amended Complaint seeks relief in the form of injunctive relief against Dividend through which, if accepted by the Court, would result in a complete cessation of Dividend's business operations in the State of Florida."), *with* Pl.'s Mem. 6 n.3 (taking issue with "Defendant's description of Plaintiff's request for relief" and quoting the Second Amended Complaint).] The Court agrees with Plaintiff that Fifth Third overstates the scope of injunctive relief sought in the Second Amended Complaint. However, Plaintiff does not dispute that if granted the injunctive relief she asks for, it would affect Fifth Third's ability to collect or enforce its loan agreements with other Florida residents who are not parties to this suit. Ultimately, however, the Court finds that further discussion of this issue is unnecessary to resolve the motion to remand.

propose to have claims of 100 or more persons tried together, or indeed involve anyone other than herself.

Because a plaintiff might draft her pleadings to avoid removal of a case that satisfies CAFA's criteria, the Court has considered whether her request for injunctive relief does so here. The Court concludes that Ms. Jean-Baptiste's request for injunctive relief does not transform her case into a "class action" for purposes of CAFA. According to Fifth Third, Ms. Jean-Baptiste should not be permitted to "artfully avoid[] explicitly pleading the elements of Rule 23 class action" and thereby prevent removal. Def.'s Mem. 9. True, the injunctive relief Ms. Jean-Baptiste seeks is broad, and it cannot be disputed that the effect of granting that relief would affect Fifth Third's contractual remedies with respect to other Florida residents. But even if Fifth Third is correct that she can only obtain such broad relief if she were pursuing a class action, that does not transform her case into a class action: instead it means that she may lack standing to secure such broad relief, and the trial court will have to determine the proper scope of any injunction if Ms. Jean-Baptiste prevails on the merits.[7]

The authority Fifth Third cites is not to the contrary. True, the cases generally support the principle that the labels a plaintiff uses do not necessarily control and courts should look to the substance of the action to determine whether it satisfies CAFA's jurisdictional criteria. But on closer inspection, none apply these general principles to circumstances akin to those present in *this case*.

For example, in *Brown v. Mortgage Electronic Registration Systems, Inc.*, the Eighth Circuit found that the plaintiff's suit was removable. 738 F.3d 926 (8th Cir. 2013). The *Brown*

---

[7] Certainly, after this case is remanded, nothing in this Order should be read to cabin the Florida court's authority or the arguments available to the parties.

court explained that "the term 'class action' should be 'interpreted liberally'"; CAFA applies beyond suits that are "labeled 'class actions' by the named plaintiff"; and "lawsuits that resemble a purported class action should be considered class actions for the purpose of applying [CAFA's] provisions." *Id.* at 931 & n.6 (quoting S. Rep. No. 109-14, at 35 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 34)). But in *Brown*, the plaintiff expressly "asked the court to certify a class under the Arkansas constitutional provision defining an illegal-exaction action." *Id.* at 931. That form of suit constitutes a procedural mechanism that "permits Arkansas plaintiffs to effectively litigate their claims" in a representative capacity on behalf of others. *Id.* Therefore, the nature of the *Brown* plaintiff's suit fit within CAFA's definition of a "class action" because it was premised upon a "rule of judicial procedure" that was akin to the procedure used for such a claim. *Id.* Ms. Jean-Baptiste has not invoked any comparable rule allowing her to litigate other potential plaintiffs' claims. And Fifth Third has not pointed to any feature of the state law invoked in Ms. Jean-Baptiste's Second Amended Complaint that resembles the procedural mechanics of Fed. R. Civ. P. 23.

Likewise, Fifth Third's reliance on *Addison Automatics, Inc. v. Hartford Casualty Insurance Company*, 731 F.3d 740 (7th Cir. 2013), and *Williams v. Employers Mutual Casualty Company*, 845 F.3d 891 (8th Cir. 2017), is similarly misplaced. Neither of these decisions really informs what the court should do with Ms. Jean-Baptiste's case. True, in *Williams* the Eighth Circuit explained that "allowing class-action plaintiffs to avoid federal jurisdiction simply by omitting explicit reference to the class-action rule they intend to proceed under would promote the kind of procedural gaming CAFA was enacted to prevent." 845 F.3d 891, 901 (8th Cir. 2017). But in an earlier suit that preceded the litigation at issue in *Williams*, the plaintiff became the class representative in a class-action against the owner of a mobile home park. *Id.* at 894–95. Williams

filed the second lawsuit as a garnishment action in state court under Missouri law "as class representative, by and through counsel." *Id.* at 895. The insurers removed this action to federal court under CAFA, and the district court denied Ms. Williams's motion to remand. *Id.* On appeal, the Eighth Circuit affirmed, because it was "clear from the pleadings that Williams can bring this case only because of her status as the representative of the class certified under [a Missouri procedural rule], an undisputed analogue of Rule 23." *Id.* at 900. Further, the court explained that "if Williams chose to dismiss or settle this case in state court, the court would have been obligated to direct Williams to give notice to the members of the class under" the state procedural rule, and it emphasized that "Williams filed the complaint not in her individual capacity, but as class representative." *Id.*

Similarly, *Addison* involved a certified class representative's effort to bring a claim in a second suit against the insurer of a third-party that had settled with the class and assigned its rights to insurance funds to the class representative. 731 F.3d at 741–42. Addison attempted to bring the case as an individual suit, but because it "pursu[ed] the rights assigned to it as class representative in the state court class action, [the court found it was] necessarily continuing that class action" in the later suit, thereby justifying removal by the insurer pursuant to CAFA. *Id.* at 743.

Neither of these cases is instructive here. Plaintiff is not bringing this case as a follow-on action after obtaining a judgment or settlement as a class representative. She is asserting her own common law tort claims and statutory consumer-protection claims against Dividend based on sales and lending practices. Even assuming Fifth Third is correct that Ms. Jean-Baptiste could only obtain the broad injunctive relief she requests in a class action, *Williams* and *Addison* do not suggest that merely seeking relief that is unavailable to a single plaintiff necessarily transforms a case into a class action for purposes of CAFA.

10

Fifth Third also suggests that *Song v. Charter Communications, Inc.*, No. 17-cv-325 (JLB), 2017 WL 1149286 (S.D. Cal. Mar. 28, 2017), is on point, but it does not support a conclusion that the Court has jurisdiction in this case. Like Ms. Jean-Baptiste, Mr. Song "did not style his complaint as a class action." *Id.* at *1. He also asserted "that he 'brought the lawsuit to put an end to [the defendant] Charter's unlawful actions, not only for his benefit but also *for the benefit of millions of California consumers* whom Charter continues to target with this illegal and fraudulent scheme.'" *Id.* (emphasis added). That allegation bears some similarity to Ms. Jean-Baptiste's broad request for injunctive relief. But in making what can best be described as an equivocal finding that it had jurisdiction under CAFA, the *Song* court noted that plaintiff did not present any counterargument and cited the defendants' notice of removal without elaboration. *See id.* at *1 n.1 (noting that the plaintiff did not challenge subject matter jurisdiction and stating "[a]t this time, based on Defendants' notice of removal, the court determines that it has jurisdiction to enter this order"). In any event, the Court finds *Song*'s jurisdictional determination of limited persuasive value. *See Minnesota v. Am. Petrol. Inst.*, No. 2021 WL 1215656, at *12 n.7 (D. Minn. Mar. 31, 2021) (distinguishing *Song* because it "is an order on a Motion to Compel Arbitration and Stay Proceedings that does not substantively deal with the CAFA issue at all, except to include a short footnote noting that Plaintiff opposed CAFA jurisdiction, but the Court felt that the jurisdictional determination was within its discretion"). The case does not offer any explanation of the court's reasoning, nor does it explain why the plaintiff's assertion that his suit was brought for the benefit

of others necessarily invoked a rule of judicial procedure that would allow a plaintiff to bring claims in a representative capacity.[8]

Consistent with the foregoing, the Court finds that Fifth Third has failed to show that Ms. Jean-Baptiste's claim for injunctive relief in the Second Amended Complaint transformed her lawsuit into a "class action" removable under CAFA. As a result, it has failed to demonstrate that the Court has subject-matter jurisdiction over this case. Plaintiff's motion to remand is granted.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1.      Plaintiff's Motion to Remand [Case No. 25-cv-1604 (KMM/DTS), ECF 19; MDL No. 24-md-3128 (KMM/DTS), ECF 169] is **GRANTED**.

2.      This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit of Palm Beach County, Florida.

 Date: August 13, 2025                              *s/Katherine Menendez*
                                                    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                                    Katherine Menendez
                                                    United States District Judge

---

[8] The other cases cited by Fifth Third fare no better. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850–56 (9th Cir. 2020) (concluding that there was no jurisdiction under CAFA for a "class action" case brought by a plaintiff as the representative of the state under California's Private Attorney General Act because it was akin to a *qui tam* action and did not require a plaintiff to meet the traditional class-action requirements); *Pac. Coast Fed'n of Fishermen's Ass'ns, Inc. v. Chevron Corp.*, No. 18-cv-07477-VC, 2023 WL 7299195 (N.D. Cal. Nov. 1, 2023) (finding complaint satisfied CAFA where the plaintiff was a trade association bringing claims that could only be litigated under a California statute that shared several procedural components with Rule 23); *College of Dental Surgeons of Puerto Rico v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 40–42 (1st Cir. 2009) (reversing remand where complaint was brought under state law analogue for Rule 23 and the district court prematurely determined that the proposed class could not be certified); *Badeaux v. Goodell*, 358 F. Supp. 3d 562, 568–69 (E.D. La. 2019) (finding that plaintiffs brought a class action for CAFA purposes where they alleged that the claims were brought on their own behalf and on behalf of all others having an interest).

12