# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: DIVIDEND SOLAR FINANCE, LLC, AND FIFTH THIRD BANK SALES AND LENDING PRACTICES LITIGATION**     MDL No. 3128

### ORDER DENYING TRANSFER

**Before the Panel:**[*]  Defendant Fifth Third Bank, National Association, in the District of New Jersey *Forero* action listed on the attached Schedule A moves under 28 U.S.C. § 1407(c) to transfer the action to the District of Minnesota for inclusion in MDL No. 3128.[1]  Plaintiff in *Forero* did not respond to the motion.

After considering the argument of counsel, we conclude that transfer will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. In our order establishing this MDL, we held that centralization was warranted for actions alleging that plaintiffs

> were induced to finance the purchase of residential solar systems with Dividend through the deceptive sales tactics of solar sales and installation companies with which Dividend partnered.  They claim that the solar companies made false representations regarding both the solar systems to be installed and the terms of Dividend's financing, and that the amounts of the loans improperly included undisclosed finance fees.  The actions share common questions of fact concerning, *inter alia*, the relationship between Dividend and the solar companies, the tactics employed by the solar companies to sell solar systems and originate loans, whether Dividend and the solar installers worked together to develop and employ such tactics, the nature of the sale and loan agreements, and representations made by the solar companies and Dividend regarding the solar power systems and the terms of the agreements.

*In re Dividend Solar Fin., LLC, and Fifth Third Bank Sales and Lending Pracs. Litig.*, 753 F. Supp. 3d 1365, 1366 (J.P.M.L. 2024).

---

[*]  Judge David C. Norton did not participate in the decision of this matter.

[1]  Fifth Third Bank is the parent of Dividend Finance LLC, which was incorrectly named in the *Forero* complaint as Dividend Finance, Inc.

Plaintiff in *Forero* alleges that he purchased a residential solar system from Solar Vision, LLC,[2] in 2023, that he financed the purchase through Dividend Finance, and that the system failed to perform as the solar company salesman promised it would. He seeks to hold Dividend Finance liable under N.J. STAT. ANN. § 12A:9-404(a) as the assignee of the sales agreement. Fifth Third Bank argues that the action involves common allegations of fact with the MDL because the plaintiff asserts that the solar company misrepresented the amount of energy that the solar system would produce and because there already are actions in the MDL that involve Vision Solar and assert claims under the same New Jersey statute at issue in *Forero*. Fifth Third further maintains that, because Vision Solar has filed for bankruptcy, plaintiff likely will attempt to hold Fifth Third liable for Vision Solar's conduct.

We are not persuaded that the degree of overlap with the MDL identified by Fifth Third Bank is sufficient to justify transfer. The *Forero* complaint includes no allegations regarding unlawful or unfair terms in the loan agreement or participation by Dividend Finance in the allegedly misleading or fraudulent conduct by the solar company sales representative. By contrast, the MDL actions allege that Fifth Third's finance agreements included a hidden finance fee or that the bank was complicit in misrepresenting to consumers the terms of the finance agreement or the economic and tax advantages of owning a solar system. In other words, there are factual allegations in the MDL of wrongdoing on the part of the bank, not simply that the bank is liable as a matter of law for unlawful conduct on the part of solar companies. Fifth Third argues that—like the MDL actions—*Forero* likely will involve discovery regarding Vision Solar's relationship with Fifth Third and Fifth Third's business practices, but nothing in the complaint supports this contention. Rather, discovery regarding the allegations currently included in the *Forero* complaint would focus exclusively on the particular representations made by the Vision Solar sales representative to Mr. Forero and on the performance of the system sold to him. That plaintiff claims Fifth Third is liable as a matter of New Jersey law for Vision Solar's conduct is not adequate reason to transfer the action, as this claim overlaps with the MDL only with respect to a purely legal issue. *See In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1356 (J.P.M.L. 2020) (("[C]ommon legal questions are insufficient to satisfy Section 1407's requirement of common factual questions.").

---

[2]  According to Fifth Third Bank, Vision Solar, LLC, was incorrectly named in the complaint as Solar Vision, LLC.

-3-

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

**IN RE: DIVIDEND SOLAR FINANCE, LLC, AND FIFTH THIRD BANK SALES AND LENDING PRACTICES LITIGATION**     MDL No. 3128

## SCHEDULE A

<u>District of New Jersey</u>

FORERO v. SOLAR VISION, LLC, ET AL., C.A. No. 3:25−18237